IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT MONTENEGRO,

      Petitioner,

v.                                              No. CV 14-0173 MV/LAM

STEVE NANCE, Warden, et al.,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2254 Petition [*Doc. 2*], filed February 24, 2014.  Respondents filed their response to the petition on May 9, 2014. [*Doc. 8*].  On August 7, 2014, Petitioner filed a reply to Respondents' response.  [*Doc. 9*]. United States District Judge Martha Vázquez referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*].  Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (Doc. 2) be **DISMISSED without prejudice.**

---

[1]**Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.   Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

Petitioner raises the following claims in his petition: (1) that there was insufficient evidence upon which to convict him (*Doc. 2* at 5); (2) that he was wrongly convicted in violation of the principle of double jeopardy (*id.* at 7); (3) that the jury instruction regarding accessory liability was confusing and misleading (*id.* at 8); (4) and that his trial counsel was ineffective for (a) failing to prepare a defense, (b) waiving Petitioner's right to a speedy trial without Petitioner's consent, (c) failing to subpoena two witnesses, and (d) failing to properly cross-examine witnesses (*id.* at 10).   Petitioner asks the Court to remand his case to the state court for further proceedings. *Id.* at 15.

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary.   *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

### *I. Procedural Background*

On May 14, 2010, Petitioner was found guilty of: (1) Armed Robbery (Firearm Enhancement), a second-degree felony, in violation of N.M.S.A. 1978 §§ 30-16-2 and 31-18-16; (2) Conspiracy to Commit Armed Robbery, a third-degree felony, in violation of N.M.S.A. 1978 §§ 30-28-2 and 30-16-2; (3) Aggravated Battery (Deadly Weapon) (Firearm Enhancement), a third-degree felony, in violation of N.M.S.A. 1978 §§ 30-3-5(C) and 31-18-16; (4) Aggravated Battery (Deadly Weapon), a third-degree felony, in violation of N.M.S.A. 1978 § 30-3-5(C); (5) Tampering With Evidence, a third-degree felony, in violation of N.M.S.A. 1978 § 30-22-5; and (6) Resisting, Evading or Obstructing an Officer (Arrest), a misdemeanor, in violation of N.M.S.A. 1978 § 30-22-1(B).   [*Doc. 8-1*, Exhibit A at 1-2] (*Judgment, Order and Commitment to the Corrections Department* entered in the state district court).   On September 13, 2010,

Petitioner was found to be a habitual offender (pursuant to N.M.S.A. 1978 § 31-18-17) with prior felony convictions, which enhanced the sentences for his convictions for Counts 1 through 5 by an additional four (4) years for each of those sentences. *Id.* at 2-4. Furthermore, Petitioner's sentences for Counts 1 and 3 were further enhanced by one (1) year pursuant to N.M.S.A. 1978 § 31-18-16. Petitioner was sentenced to a total term of imprisonment of forty-three (43) years and three hundred sixty-four (364) days. *Id.* at 4. Upon completion of imprisonment, Petitioner will be placed on parole for a period of two (2) years. *Id.*

On October 13, 2010, Petitioner appealed his conviction to the New Mexico Court of Appeals, contending that there was insufficient evidence upon which to convict him. [*Doc. 8-1*, Exhibits B (*Notice of Appeal*) and C (*Docketing Statement*)]. On March 7, 2011, the New Mexico Court of Appeals issued a *Notice [of] Proposed Summary Disposition*, proposing affirmance of Petitioner's conviction. [*Doc. 8-1*, Exhibit D]. On May 2, 2011, Petitioner filed a *Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend Docketing Statement*, asking to add the claims that Petitioner's convictions violate double jeopardy principles, the state district court improperly instructed the jury, and Petitioner's trial counsel was ineffective for failing to properly question witnesses on cross-examination, stipulating to prejudicial exhibits, agreeing to continuances without consulting Petitioner, and failing to return Petitioner's phone calls. [*Doc. 8-1*, Exhibit E, at 25]. The appeal was then placed on the New Mexico Court of Appeals general calendar (*Doc. 8-1*, Exhibit F at 54), and on March 27, 2012, Petitioner filed a *Brief in Chief* on the claims that his convictions violate double jeopardy principles, there was insufficient evidence upon which to convict him, and his trial counsel was ineffective for failing to adequately investigate, failing to properly question witnesses on cross-examination, stipulating to prejudicial exhibits, agreeing to continuances without consulting with Petitioner, and failing to

return Petitioner's phone calls (*Doc. 8-1*, Exhibit G, at 57-58).   On November 6, 2012, the

New Mexico Court of Appeals issued a *Memorandum Opinion* affirming Petitioner's conviction.

[*Doc. 8-2*, Exhibit J].   On November 29, 2012, Petitioner filed a *Petition for Writ of Certiorari*

with the New Mexico Supreme Court regarding the New Mexico Court of Appeals' opinion.

[*Doc. 8-2*, Exhibit K].   On January 2, 2013, the New Mexico Supreme Court denied the petition.

[*Doc. 8-2*, Exhibit L].

On January 16, 2014, Petitioner filed a *pro se Motion for Reconsideration of Sentence*

(*Doc. 8-2*, Exhibit N) and a *pro se Petition for Writ of Habeas Corpus* (*Doc. 8-2*, Exhibit O) with

the state district court.   On January 29, 2014, the state district court denied the motion for

reconsideration of sentence and the petition for writ of habeas corpus.   [*Doc. 8-2*, Exhibits P

and Q].   On February 14, 2014, Petitioner filed his petition for federal habeas relief in this Court,

initiating this proceeding.   [*Doc. 2*].

## *II. Petitioner's Section 2254 Claims*

Petitioner raises the following grounds for relief in his petition:

1.   There was insufficient evidence upon which to convict him
     (*Doc. 2* at 5);

2.   He was wrongly convicted in violation of the principle of
     double jeopardy (*id.* at 7);

3.   The jury instruction regarding accessory liability was
     confusing and misleading (*id.* at 8); and

4.   His counsel was ineffective for:

     a.   failing to prepare a defense;

     b.   waiving Petitioner's right to a speedy trial without
          Petitioner's consent;

     c.   failing to subpoena two witnesses; and

4

        d.        failing to properly cross-examine witnesses (*id.* at 10).

In their response, Respondents contend that Petitioner has submitted a mixed petition with both exhausted and unexhausted claims. [*Doc. 8* at 1]. Respondents contend that Petitioner's claims that there was insufficient evidence upon which to convict him, that he was wrongly convicted in violation of the principle of double jeopardy, and that his counsel was ineffective for failing to adequately prepare a defense, waiving Petitioner's right to a speedy trial, and failing to properly cross-examine witnesses, have all been properly exhausted before the state courts. *Id.* at 6-8. Respondents contend that Petitioner's claim that the trial court provided a confusing jury instruction, and his claim that his counsel was ineffective for failing to subpoena two witnesses, have not been properly presented to the state courts and, thus, are not exhausted. *Id.* at 7-8. Respondents contend that Petitioner's claim that the trial court provided a confusing jury instruction is subject to a procedural bar because the claim cannot be raised in any new state habeas petition. *Id.* at 9-11. Respondents further contend that, because Petitioner's claim that his counsel was ineffective for failing to subpoena two witnesses was raised for the first time in his federal habeas petition, his petition is mixed, and the Court should allow Petitioner to either dismiss his petition without prejudice with leave to exhaust this claim, or to delete the unexhausted claim and proceed with those claims that have been exhausted. *Id.* at 11-12.

In his reply, Petitioner asks the Court to "dismiss the unexhausted claims in his petition and requests to proceed in this [C]ourt with the claims that have been exhausted." [*Doc. 9* at 1]. Petitioner further requests appointment of counsel. *Id.* The Court declines to consider Petitioner's request for appointment of counsel which has not been properly raised in a motion.

"Pro se pleadings are to be construed liberally."   *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted).   Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him.   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted).   Courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]."   *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).   "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."   *Hall*, 935 F.2d at 1110 (citations omitted).   Because Petitioner is a *pro se* litigant, the Court construes his allegations in his petition liberally.

### III. Exhaustion of State Court Remedies

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254.   *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).   "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."   *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citation and internal quotation marks omitted).   The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."   *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted).   In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means

6

that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Demarest*, 130 F.3d at 932 (citation and internal quotation marks omitted). While a petitioner may present "bits of evidence" to a federal court that were not presented to the state court, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Id.* (citation and internal quotation marks omitted); *see also Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982) (explaining that a claim is not exhausted if it is "in a significantly different and stronger posture than it was when the state courts considered it") (citation omitted).

In cases where a petitioner raises both exhausted and unexhausted claims, the petition is considered mixed. *Pliler v. Ford*, 542 U.S. 225, 227 (2004). When a federal district court is presented with a mixed petition, it "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (footnote omitted). In limited circumstances, a federal court may stay a mixed petition and hold it in abeyance pending exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). However, stay and abeyance is appropriate only if the petitioner demonstrates good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

The Court finds that Petitioner has exhausted the following claims: (1) that there was insufficient evidence upon which to convict him, (2) that he was wrongly convicted in violation of the principle of double jeopardy, and (4) that his counsel was ineffective for (a) failing to adequately prepare a defense, (b) waiving Petitioner's right to a speedy trial, and (d) failing to properly cross-examine witnesses. These claims were fairly presented to the state courts in

Petitioner's direct appeal of his conviction and petition for writ of certiorari regarding his direct appeal. *See* [*Doc. 8-1*, Exhibit G and *Doc. 8-2*, Exhibit K].

The Court finds that Petitioner's claim (3) that the trial court provided a confusing jury instruction, and his claim (4)(c) that his counsel was ineffective for failing to subpoena two witnesses, have not been exhausted because those claims were not properly raised before the state courts. While Petitioner's claim that the trial court provided a confusing jury instruction was raised in his direct appeal in his opposition to summary affirmance and motion to amend his docketing statement (*Doc. 8-1*, Exhibit E, at 25 and 46-48), this claim was not raised in his brief-in-chief (*Doc. 8-1*, Exhibit G), and was not considered by the New Mexico Court of Appeals in its opinion on Petitioner's direct appeal (*see Doc. 8-2*, Exhibit J). This claim, therefore, appears to have been abandoned by Petitioner and, thus, was not properly presented to the highest state court. *See Maes v. Thomas*, 46 F.3d 979, 986 (10th Cir. 1995) ("New Mexico courts have consistently applied the rule that deems all issues abandoned that are not raised in an appellant's brief-in-chief.") (citations omitted). Petitioner's claim that his counsel was ineffective for a failing to subpoena Saul Perez and John Rubio (*Doc. 2* at 10) was not raised in either his direct appeal or his *pro se* state habeas petition and, thus, was also not properly presented to the highest state court.

### IV. Procedural Default

Based on the foregoing, the Court finds that Petitioner has filed a mixed petition with both exhausted claims (1), (2), and (4)(a), (b), and (d), and unexhausted claims (3) and (4)(c). As stated above, when a federal district court is presented with a mixed petition, it "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore*, 288 F.3d at 1235 (footnote omitted). In

limited circumstances, a federal court may stay a mixed petition and hold it in abeyance pending exhaustion of state court remedies. *Rhines*, 544 U.S. at 277. However, stay and abeyance is appropriate only if the petitioner demonstrates good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278. The Court finds that Petitioner has made no showing that he meets the requirements for a stay of his petition because he has not presented good cause for his failure to exhaust his claims in state court and he has not made a showing that his claims are potentially meritorious. The Court, therefore, finds that a stay and abeyance is not appropriate in this case.

The Court must therefore decide whether to recommend (1) dismissal of the entire petition without prejudice; (2) permitting Petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (3) denial of the entire petition on the merits notwithstanding Petitioner's failure to exhaust all of his claims. When a petitioner has failed to fulfill the exhaustion requirement, a court will generally choose the option of dismissing the petition without prejudice to allow the petitioner to exhaust state remedies. *Demarest*, 130 F.3d at 939 (citations omitted). "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Id.* "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). A federal court will not consider defaulted claims unless (1) "the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice" (*Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (citation and internal quotation marks omitted)), or (2) if the

Court determines that the claims can more easily be resolved on the merits (*see* § 2254(b)(2) (providing that a federal court may deny a habeas petition on the merits, notwithstanding the failure to exhaust state remedies), *see also Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address complex procedural bar because case could be more easily and succinctly affirmed on the merits)).

Although Respondents contend that Petitioner's claim that the trial court presented a confusing jury instruction has been procedurally defaulted (*Doc. 8* at 10-11), the Court finds that this claim is not necessarily procedurally defaulted because Petitioner may be able to raise the claim in a second state habeas petition.  There is no statute of limitations in New Mexico that would prevent Petitioner from bringing his unexhausted claim in another state habeas petition. *See State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 164 P.3d 72 (2007).  Ordinarily "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, No. 00-2183, 5 Fed. Appx. 831, 833, 2001 WL 201962 (10th Cir. Feb. 28, 2001) (unpublished) ("[G]rounds omitted in the prior proceedings are deemed waived.") (quoting *State v. Gillihan*, 86 N.M. 439, 524 P.2d 1335, 1336 (N.M. 1974)).   However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial." *Id.* (citing *Gillihan*, 524 P.2d at 1336).   Fundamental error is defined by the New Mexico Supreme Court to be "such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take[s] from the defendant a right which was essential to his defense." *Gillihan*, 1974-NMSC-060, ¶ 13 (citation and internal quotation marks omitted).   Petitioner's claim that the trial court erred in its presentation of a jury instruction may be found to allege fundamental error. *See, e.g., New Mexico v. Stevens*, 2014-NMSC-011, ¶ 42, 323 P.3d 901 (N.M. 2014) (allowing

review of challenge to a jury instruction claim pursuant to fundamental error doctrine on direct appeal).   Thus, New Mexico courts may find that Petitioner's claim regarding the jury instruction is not precluded from state review under the doctrine of fundamental error.   Because there is still a possibility of state review of this claim, in the interest of comity, the Court finds that the claim is not procedurally defaulted, and that Petitioner has filed a standard mixed petition.   *See, e.g.,* *Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also* *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"), *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"), and *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

For the foregoing reasons, the Court recommends that Petitioner's mixed petition should be dismissed without prejudice and Petitioner may either amend his petition to delete his unexhausted claims (3) and (4)(c), or exhaust these claims at the state level.   The Court notes that Petitioner states in his reply that he wishes to dismiss his unexhausted claims and proceed with his exhausted claims (*Doc. 9*); however, Petitioner must file an amended petition in order to go forward in this proceeding.   If Petitioner still wishes to amend his petition, he should be aware that he risks the dismissal of a subsequent federal habeas petition which again raises the

unexhausted claims which he would be abandoning.   *See Tapia v. LeMaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition).   Alternatively, if Petitioner chooses not to amend his petition, then his petition should be dismissed in its entirety, without prejudice, to allow him to exhaust his previously unexhausted claims in the state courts.   If he chooses this option, Petitioner should bear in mind that the one-year statute of limitation under AEDPA (Antiterrorism and Effective Death Penalty Act of 1996) still applies to all of the grounds in his petition, including those that have been exhausted as well as those that are unexhausted, and thus, he risks losing forever the opportunity to present for any federal review all of these grounds at a later date as they may all be time barred. *See Rhines*, 544 U.S. at 275.   Moreover, the one-year limitation period is not tolled by the pendency of this federal habeas proceeding.   *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that federal habeas proceedings do not toll AEDPA's one-year limitation period).   If Petitioner wishes to proceed with the underlying petition solely on his exhausted claims (1), (2), and (4)(a), (b), and (d), in order to avoid having to re-file the petition, he must file, ***within the 14-day period allotted for the filing of objections to these findings***, an amended petition which includes only his exhausted claims.   If Petitioner does not file an amended petition within the 14-day objection period, his entire petition will be dismissed without prejudice to allow him to pursue his unexhausted claim in state court.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Petitioner's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*** *(Doc. 2)* be

**DISMISSED WITHOUT PREJUDICE** on the grounds that all of the claims raised in the petition have not been exhausted.   The Court has found that Petitioner has exhausted the following claims: (1) that there was insufficient evidence upon which to convict him; (2) that he was wrongly convicted in violation of the principle of double jeopardy; and (4) and that his trial counsel was ineffective for (a) failing to prepare a defense, (b) waiving Petitioner's right to a speedy trial without Petitioner's consent, and (d) failing to properly cross-examine witnesses. The Court has further found that Petitioner has not exhausted the following claims: (3) that the jury instruction regarding accessory liability was confusing and misleading, and (4)(d) that his counsel was ineffective for failing to subpoena two witnesses.   *If Petitioner wishes to proceed with the underlying petition solely on the claims the Court has found to be exhausted, he must file an amended petition for writ of habeas corpus which includes only these exhausted claims within the 14-day period allotted for the filing of objections to these findings.*

**HONORABLE LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**

13