IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT MONTENEGRO,**

    **Petitioner,**

v.                                                                      No. CV 14-0173 MV/LAM

**STEVE NANCE, Warden,**

    **Respondent.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner's amended 28 U.S.C. § 2254 Petition [*Doc. 11*], filed November 10, 2014.  Respondent filed his response to the amended petition on December 9, 2014.  [*Doc. 13*].  No reply has been filed and the time for doing so has passed. United States District Judge Martha Vázquez referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*].  Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that the claims raised in Petitioner's amended 28 U.S.C. § 2254 Petition [*Doc. 11*] be **DENIED**, and that this case be **DISMISSED with prejudice**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

## I. *Procedural Background*

On May 14, 2010, Petitioner was found guilty of: (1) Armed Robbery (Firearm Enhancement), a second-degree felony, in violation of N.M.S.A. 1978 §§ 30-16-2 and 31-18-16; (2) Conspiracy to Commit Armed Robbery, a third-degree felony, in violation of N.M.S.A. 1978 §§ 30-28-2 and 30-16-2; (3) Aggravated Battery (Deadly Weapon) (Firearm Enhancement), a third-degree felony, in violation of N.M.S.A. 1978 §§ 30-3-5(C) and 31-18-16; (4) Aggravated Battery (Deadly Weapon), a third-degree felony, in violation of N.M.S.A. 1978 § 30-3-5(C); (5) Tampering With Evidence, a third-degree felony, in violation of N.M.S.A. 1978 § 30-22-5; and (6) Resisting, Evading or Obstructing an Officer (Arrest), a misdemeanor, in violation of N.M.S.A. 1978 § 30-22-1(B).  [*Doc. 13-1*, Exhibit A at 1-2] (*Judgment, Order and Commitment to the Corrections Department* entered in the state district court).  On September 13, 2010, Petitioner was found to be a habitual offender (pursuant to N.M.S.A. 1978 § 31-18-17) with prior felony convictions, which enhanced the sentences for his convictions for Counts 1 through 5 by an additional four (4) years for each of those sentences.  *Id.* at 2-4.  Furthermore, Petitioner's sentences for Counts 1 and 3 were further enhanced by one (1) year pursuant to N.M.S.A. 1978 § 31-18-16.  Petitioner was sentenced to a total term of imprisonment of forty-three (43) years and three hundred sixty-four (364) days.  *Id.* at 4.  Upon completion of imprisonment, Petitioner will be placed on parole for a period of two (2) years.  *Id.*

On October 13, 2010, Petitioner appealed his conviction to the New Mexico Court of Appeals, contending that there was insufficient evidence upon which to convict him.  [*Doc. 13-1*, Exhibits B (*Notice of Appeal*) and C (*Docketing Statement*)].  On March 7, 2011, the New Mexico Court of Appeals issued a *Notice [of] Proposed Summary Disposition*, proposing affirmance of Petitioner's conviction.  [*Doc. 13-1*, Exhibit D].  On May 2, 2011, Petitioner filed a

*Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend Docketing Statement*, asking to add the claims that Petitioner's convictions violate double jeopardy principles, the state district court improperly instructed the jury, and Petitioner's trial counsel was ineffective for failing to properly question witnesses on cross-examination, stipulating to prejudicial exhibits, agreeing to continuances without consulting Petitioner, thereby depriving him of a speedy trial, and failing to return Petitioner's phone calls. [*Doc. 13-1*, Exhibit E at 25]. The appeal was then placed on the New Mexico Court of Appeals general calendar (*Doc. 13-1*, Exhibit F at 54), and on March 27, 2012, Petitioner filed a *Brief in Chief* on the claims that his convictions violate double jeopardy principles, there was insufficient evidence upon which to convict him, and his trial counsel was ineffective for failing to adequately investigate, failing to properly question witnesses on cross-examination, stipulating to prejudicial exhibits, violating his right to a speedy trial by agreeing to continuances without consulting with Petitioner, and failing to return Petitioner's phone calls (*Doc. 13-1*, Exhibit G, at 57-58). On November 6, 2012, the New Mexico Court of Appeals issued a *Memorandum Opinion* affirming Petitioner's conviction. [*Doc. 13-2*, Exhibit J]. On November 29, 2012, Petitioner filed a *Petition for Writ of Certiorari* with the New Mexico Supreme Court regarding the New Mexico Court of Appeals' opinion. [*Doc. 13-2*, Exhibit K]. On January 2, 2013, the New Mexico Supreme Court denied the petition. [*Doc. 13-2*, Exhibit L].

On January 16, 2014, Petitioner filed a *pro se Motion for Reconsideration of Sentence* (*Doc. 13-2*, Exhibit N) and a *pro se Petition for Writ of Habeas Corpus* (*Doc. 13-2*, Exhibit O) with the state district court. On January 29, 2014, the state district court denied the motion for reconsideration of sentence and the petition for writ of habeas corpus. [*Doc. 13-2*, Exhibits P and Q, respectively].

3

On February 24, 2014, Petitioner filed his first petition for federal habeas relief in this Court, raising the following claims: (1) that there was insufficient evidence upon which to convict him (*Doc. 2* at 5); (2) that he was wrongly convicted in violation of the principle of double jeopardy (*id.* at 7); (3) that the jury instruction regarding accessory liability was confusing and misleading (*id.* at 8); and (4) that his trial counsel was ineffective for (a) failing to prepare a defense, (b) waiving Petitioner's right to a speedy trial without Petitioner's consent, (c) failing to subpoena two witnesses, and (d) failing to properly cross-examine witnesses (*id.* at 10).  On October 24, 2014, the undersigned entered a PF&RD finding that Petitioner had exhausted claims (1), (2), (4)(a), (b), and (d), and instructed Petitioner that, if he wished to proceed solely on those exhausted claims, he must file an amended petition which includes only those exhausted claims. [*Doc. 10* at 13].  On November 10, 2014, Petitioner filed his amended petition raising only the exhausted claims. *See* [*Doc. 11* at 2].  On November 21, 2014, the Court entered an order adopting the PF&RD, dismissing Petitioner's original § 2254 Petition [*Doc. 2*], and ordering Respondent to file a response to Petitioner's Amended Petition [*Doc. 11*].  *See* [*Doc. 12* at 2].

Because the issues in this case can be resolved on the record before the Court, the Court finds that an evidentiary hearing is unnecessary.  *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

## *II. Petitioner's Section 2254 Claims*

Petitioner raises the following grounds for relief in his amended petition:

1. His counsel was ineffective for:

    a. failing to prepare a defense;

    b. waiving Petitioner's right to a speedy trial without Petitioner's consent;

4

        c.      failing to properly cross-examine witnesses;

   2.      He was wrongly convicted in violation of the principle of double jeopardy; and

   3.      There was insufficient evidence upon which to convict him.

[*Doc. 11* at 2] and [*Doc. 2* at 5, 7, and 10].[3] Petitioner asks the Court to order a new trial and an evidentiary hearing. [*Doc. 11* at 3].

In response, Respondent contends that the amended petition should be dismissed because Petitioner fails to show that the state court proceedings either resulted in a decision that was contrary to, or involved an unreasonable application of, federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. [*Doc. 13* at 6-21]. Respondent, therefore, asks the Court to dismiss the amended petition with prejudice. *Id.* at 21.

### III.  *Standard of Review*

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (hereinafter, "AEDPA"), govern this case. The Court cannot grant Petitioner habeas relief pursuant to 28 U.S.C. § 2254(d) unless the decision in his state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The United States Supreme Court has construed these statutory provisions, and established rules for applying them, in a series of cases decided since the enactment of AEDPA. *See, e.g., Wright v. Van Patten*, 552 U.S. 120 (2008); *Fry v.*

---

[3] While Petitioner's original petition [*Doc. 2*] has been dismissed without prejudice [*Doc. 12*], the Court notes that Document 2 contains Petitioner's arguments regarding his remaining claims in his amended petition [*Doc. 11*]. Therefore, rather than require Petitioner to supplement his amended petition, the Court will consider his arguments as set forth in Document 2.

*Pliler*, 551 U.S. 112 (2007); *Bell v. Cone*, 543 U.S. 447 (2005) (per curiam); *Mitchell v. Esparza*, 540 U.S. 12 (2003) (per curiam); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Lockyer v. Andrade*, 538 U.S. 63 (2003); *Woodford v. Visciotti*, 537 U.S. 19 (2002) (per curiam); *Early v. Packer*, 537 U.S. 3 (2002) (per curiam); *Ramdass v. Angelone*, 530 U.S. 156 (2000); *Williams v. Taylor*, 529 U.S. 362 (2000).

The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" in 28 U.S.C. § 2254(d)(1), "'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Lockyer*, 538 U.S. at 71 (quoting *Williams*, 529 U.S. at 412).

Under 28 U.S.C. § 2254(d)(1), a state court decision is "contrary to" United States Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law." *Williams*, 529 U.S. at 413. A state court decision is also "contrary to" Supreme Court precedent "if the state court decides [the] case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* However, a state court decision is not "contrary to" Supreme Court precedent "simply because the court did not cite [Supreme Court] opinions. [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell*, 540 U.S. at 16 (quoting *Early*, 537 U.S. at 8). *See also Woodford*, 537 U.S. at 24 (noting presumption that state courts know and follow the law); *Miller v. Mullin*, 354 F.3d 1288, 1292-93 (10th Cir. 2004) (AEDPA applicable notwithstanding state court's failure to cite or discuss federal case law).

Under 28 U.S.C. § 2254(d)(1), a state court decision involves an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

6

prisoner's case." *Williams*, 529 U.S. at 413.  However, "a federal habeas court may not issue [a writ of habeas corpus] simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76 (internal quotations and citations omitted).  "Rather, that application must be objectively unreasonable." *Id.* at 76.  A state court cannot be said to have "unreasonabl[y] appli[ed] clearly established Federal law," under 28 U.S.C. § 2254(d)(1), if no Supreme Court decision provides a clear answer to a question presented in the state court.  *See Wright*, 552 U.S. at 126 (citing *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

The deferential AEDPA standard of review applies to habeas claims that were adjudicated on the merits in state court proceedings.  *See* 28 U.S.C. § 2254(d).  Indeed, a state court need not even discuss the federal law applicable to a claim in order for AEDPA standards to apply.  So long as the state court does not dismiss a claim on procedural grounds, a federal court applies the AEDPA standards regardless of whether there is any reasoning supporting the "decision." *See Cook v. McKune*, 323 F.3d 825, 830-31 (10th Cir. 2003); *see also Chadwick v. Janecka*, 312 F.3d 597, 606 (3d Cir. 2002) (discussing that in *Weeks v. Angelone*, 528 U.S. 225 (2000), the Supreme Court applied AEDPA standards of review to a claim the state court dismissed summarily without any explanation of how it reached its decision).  Moreover, if a state court's decision does not conflict with the reasoning or the holdings of Supreme Court precedent, the decision is not "contrary to" such precedent under 28 U.S.C. § 2254(d)(1) simply because the federal court holds a different view where Supreme Court precedent "is, at best, ambiguous." *Mitchell,* 540 U.S. at 17.  If a state court decides a claim on the merits in summary fashion, the AEDPA standards still apply, but the focus is on the state court's results rather than any reasoning.  *See Stevens v. Ortiz*, 465 F.3d 1229, 1235 (10th Cir. 2006).

Under 28 U.S.C. §§ 2254(d)(2) and (e)(1), a state court decision is based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" only if it is shown by "clear and convincing evidence" that the factual finding is incorrect. *See Wiggins*, 539 U.S. at 528.

## IV.   Analysis

### A.   Ineffective Assistance of Counsel

Petitioner contends that his counsel was ineffective because his counsel: (a) failed to prepare a defense; (b) waived Petitioner's right to a speedy trial without Petitioner's consent; and (c) failed to properly cross examine witnesses. [*Doc. 11* at 2]. In response, Respondent contends that Petitioner fails to meet the standard to prevail on his ineffective assistance of counsel claims. [*Doc. 13* at 10-15].

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668 (1984). To prevail on an ineffective assistance claim under the *Strickland* standard, Petitioner must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance. *Id.* at 687-88. Both showings must be made to satisfy the *Strickland* standard. *Id.* at 687. To demonstrate unreasonable performance, Petitioner must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms." *Id.* at 688. To demonstrate prejudice, Petitioner must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors. *Id.* at 694. The Court begins with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted). The Court does not have to address both prongs of the *Strickland* standard if Petitioner makes an insufficient showing on one of the prongs. *Id.* at 697.

### 1. *Failure to Prepare a Defense and Failure to Cross-Examine Witnesses*

First, the Court considers Petitioner's claims that his counsel was ineffective for failing to prepare a defense and cross-examine witnesses. [*Doc. 11* at 2] and [*Doc. 2* at 10]. The Court finds that these claims are without merit because they are conclusory and unsupported. In both his petition and amended petition, Petitioner fails to provide any specifics as to why he contends that his counsel failed to prepare a defense, and does not state which witnesses his counsel failed to cross-examine. *Id.* Moreover, Petitioner fails to state how his counsel's alleged failures altered the outcome of his trial. Therefore, the Court finds that Petitioner does not satisfy the prejudice prong of the *Strickland* analysis because he fails to show a reasonable probability that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors, and, therefore, this claim should be denied. *See also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim). The Court notes that in Petitioner's direct appeal of his conviction, Petitioner contended in his brief-in-chief that his counsel failed to impeach damaging testimony by the state's key witness, and failed to cross-examine Petitioner's aunt about the fact that she was inebriated when Petitioner arrived at her home. *See* [*Doc. 13-1*, Exhibit G, at 84 and 87]. The state district court rejected these claims, stating that Petitioner's counsel did question the state's key witness, Mr. Contreras, "in detail about his plea agreement, and the earlier inconsistent statements he made to police" (*Doc. 13-2*, Exhibit J, at 28), and that, with regard to cross-examining Petitioner's aunt, Petitioner failed to show "that his counsel's actions were not

9

part of a reasoned, though ultimately unsuccessful, trial strategy" (*id.* at 29). The Court finds that the state court's decision is not contrary to, and does not involve an unreasonable application of, clearly established federal law. *See Nguyen v. Reynolds*, 131 F.3d 1340, 1349 (10th Cir. 1997) ("A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill chosen that it permeates the entire trial with obvious unfairness."). Therefore, the Court recommends that these claims should be denied.

### *2. Speedy Trial Waivers*

Next, Petitioner claims that his trial counsel was ineffective because he waived Petitioner's right to a speedy trial without obtaining Petitioner's consent. [*Doc. 11* at 2] and [*Doc. 2* at 10]. Respondent contends that this claim should be denied because Petitioner fails to show that he was prejudiced as a result of his counsel's allegedly non-consensual speedy-trial waivers, he fails to show that his counsel was required to obtain his consent for the waivers, and because the state district court found that Petitioners' right to a speedy trial was not violated. [*Doc. 13* at 10-11]. The Court finds that Petitioner fails to meet the second *Strickland* prong with regard to this claim because he fails to make any showing of how the continuance(s) of his trial prejudiced him in any way. Moreover, it does not appear that Petitioner's right to a speedy trial was waived by his counsel since he received a trial approximately nine (9) months after he was indicted. *See* [*Doc. 13-2*, Exhibit Q at 81] (state district court's opinion on Petitioner's state petition for writ of habeas corpus, finding that Petitioner's right to a speedy trial was not violated because the length of delay from the date the indictment was filed to the date of the trial was just over nine (9) months, and a delay of 12 months is considered presumptively prejudicial for purposes of the speedy trial analysis). For these reasons, the Court recommends that this claim be denied.

10

### *B. Double Jeopardy*

Petitioner next contends that he was convicted for two aggravated batteries causing great bodily harm in violation of the prohibition against double jeopardy.  [*Doc. 11* at 2] and [*Doc. 2* at 7].  In response, Respondent contends that the state appellate court correctly rejected this claim by finding that there was a "sufficient indicia of distinctness" regarding the two batteries.  [*Doc. 13* at 17] (citing *Doc. 13-2*, Exhibit J at 17).

Petitioner contends that there was no evidence that he possessed the criminal intent to support the charge of accessory to commit aggravated battery with a deadly weapon, so he was wrongly convicted of two aggravated batteries.  [*Doc. 2* at 7].  In Petitioner's direct appeal of his conviction, the New Mexico Court of Appeals addressed this contention as a claim for violation of the prohibition against double jeopardy.  *See* [*Doc. 13-2*, Exhibit J at 14-19].  The New Mexico Court of Appeals explained that the jury was instructed that Count Three involved the touching or application of force to the victim by shooting or striking him with a firearm, and Count Four involved the touching or application of force to the victim using a vehicle as a deadly weapon.  *Id.* at 17.  The New Mexico Court of Appeals rejected Petitioner's contention that the two batteries were unitary because they were continuous and sequential, occurred over a short period of time, and involved one mental state, and, instead, found that the two battery charges were distinct because they involved actions by two different people, Defendant and Mr. Porras, with two different weapons.  *Id.* at 18-19.  The Court of Appeals further found that the acts were distinct because Defendant and Mr. Porras had different motives, and because Mr. Porras battered the victim with the firearm during the initial struggle over control of the vehicle, and Defendant battered the victim with the vehicle while leaving the scene.  *Id.* at 19.  The Court of Appeals stated that "[t]his is not a single attack progressing in force . . . nor is it a single violent rampage,"

11

and found that "[b]ecause the two charges of aggravated battery were based on distinct acts" the Court of Appeals rejected Petitioner's double jeopardy challenge.  *Id.*

Petitioner fails to show how this decision is contrary to, or involves an unreasonable application of, clearly established federal law.  *See Kersey v. Lytle*, No. 99-2007, 215 F.3d 1337, at *5 (10th Cir. March 30, 2000) (unpublished) (explaining that "the Double Jeopardy Clause does not prohibit separate punishments for discrete acts violative of the same statute," and that conduct is non-unitary "if the quality and nature of the acts or objects and results involved are distinguishable") (citations, internal quotation marks, and ellipsis omitted); *see also Lucero v. Kerby*, 133 F.3d 1299, 1316 (10th Cir. 1998) ("In determining whether a defendant's conduct constitutes a single criminal offense or separate criminal offenses for double jeopardy purposes, we defer to the state court's interpretation of the relevant statutory provisions.") (citations omitted).  Therefore, the Court recommends that this claim be denied.

### C.  *Insufficient Evidence*

Finally, Petitioner claims that there was insufficient evidence to convict him.  [*Doc. 11* at 2] and [*Doc. 2* at 5].  Specifically, Petitioner contends that his co-defendant is "a fraud and convicted criminal" who received probation for his testimony, and whose testimony changed three times, and that no other witness or evidence could prove Petitioner's involvement.  [*Doc. 2* at 5].  Petitioner further contends that his co-defendant's clothing tested positive for the victim's blood, while Petitioner's clothing tested negative for the victim's blood, and that the scratches on Petitioner's legs were not caused by the events of the night at issue.  *Id.*  Respondent contends that this claim should be denied because the issue regarding the credibility of the co-defendant was raised during counsel's direct, cross, and re-direct examinations of him, and because the Court of Appeals correctly rejected Petitioner's claims regarding the sufficiency of the evidence.  [*Doc. 13* at 19-21].

Evidence of guilt is sufficient if, when viewed "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Parker v. Matthews*, 132 S.Ct. 2148, 2152 (2012) (citation and internal quotation marks omitted). The issue before the Court on review of Petitioner's sufficiency of the evidence claim is whether the New Mexico Court of Appeals "reasonably decided that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Torres v. Lytle*, 461 F.3d 1303, 1313 (10th Cir. 2006) (citation and internal quotation marks omitted). This standard of review, based on an evaluation of what a reasonable jurist could have decided about a reasonable juror, is described by the Tenth Circuit as "deference squared." *Id.* (citation and internal quotation marks omitted).

Here, the New Mexico Court of Appeals found that there was sufficient evidence to support a finding by a reasonable jury that each element of the crimes for which Defendant was convicted was established beyond a reasonable doubt. *See* [*Doc. 13-2*, Exhibit J at 20-27]. The Court of Appeals noted that Petitioner's co-defendant's testimony was corroborated by other witnesses and was not inherently improbable because other witnesses testified to a similar sequence of events as the co-defendant, Petitioner was found a few hours later at his aunt's house, which was within walking distance of the vehicle, Petitioner's aunt testified that Petitioner arrived unexpectedly at her house, on foot, at approximately 3:00 a.m., and Petitioner was found at her house with scrapes and scratches on his legs, recently showered, and with dirty clothes in the laundry. *Id.* at 21. The Court of Appeals, therefore, found that the co-defendant's testimony should not be discounted, and proceeded to review each count for which Petitioner was convicted. *Id.* at 22. The Court of Appeals found that there was sufficient evidence to support Petitioner's convictions for armed robbery and conspiracy to commit armed robbery, aggravated battery, tampering with evidence, and resisting, evading or obstructing an officer. *Id.* at 22-27. The

13

Court finds that the New Mexico Court of Appeals reasonably decided that a rational trier of fact could have found the essential elements of these crimes beyond a reasonable doubt and, therefore, the Court recommends that this claim should be denied.

### V.  *Conclusion*

For the foregoing reasons, the Court finds that habeas relief is not warranted on Petitioner's claims because he has failed to establish that the adjudication of his claims in the state court proceedings resulted in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *See* 28 U.S.C. §§ 2254(d)(1)-(2).  Therefore, the Court recommends that Petitioner's amended 28 U.S.C. § 2254 habeas corpus petition be denied, and that this case be dismissed with prejudice.

### **RECOMMENDED DISPOSITION**

For the foregoing reasons, the undersigned recommends that Petitioner amended 28 U.S.C. § 2254 habeas corpus Petition [*Doc. 11*] be **DENIED**, and that this case be **DISMISSED with prejudice.**

*/s/ Lourdes A. Martínez*
**HONORABLE LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**