IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT MONTENEGRO,**

      **Petitioner,**

**v.**                                       **No. CV 14-0173 MV/LAM**

**STEVE NANCE, Warden,**

      **Respondent.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 14)* (hereinafter "PF&RD"), entered on May 27, 2015. On June 19, 2015, Petitioner filed objections to the PF&RD. [*Doc. 15*]. Respondent did not file any objections to the PF&RD, nor did he respond to Petitioner's objections, and the deadlines for doing so have passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Petitioner objects and finds that his objections are without merit. Accordingly, the Court will: (1) overrule Petitioner's objections as meritless; (2) adopt the *Proposed Findings and Recommended Disposition (Doc. 14)*; (3) deny Petitioner's amended § 2254 Petition [*Doc. 11*]; and (4) dismiss this case with prejudice.

As explained in the PF&RD, Petitioner was found guilty of (1) Armed Robbery (Firearm Enhancement), (2) Conspiracy to Commit Armed Robbery, (3) Aggravated Battery (Deadly Weapon) (Firearm Enhancement), (4) Aggravated Battery (Deadly Weapon), (5) Tampering With Evidence, and (6) Resisting, Evading or Obstructing an Officer (Arrest). *See* [*Doc. 14* at 2]. In

his amended § 2254 Petition motion, Defendant alleged: (1) that his counsel was ineffective for (a) failing to prepare a defense, (b) waiving Petitioner's right to a speedy trial without Petitioner's consent, and (c) failing to properly cross examine witnesses; (2) that he was wrongly convicted in violation of the principle of double jeopardy; and (3) that there was insufficient evidence upon which to convict him. *Id.* at 4-5 (citing *Doc. 11* at 2 and *Doc. 2* at 5, 7, and 10). The Magistrate Judge found that Petitioner failed to establish that the adjudication of his claims in the state court proceedings resulted in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Id.* at 14. Therefore, the Magistrate Judge recommended that Petitioner's amended § 2254 petition be denied and this case be dismissed with prejudice. *Id.*

In his objections, Petitioner contends that his counsel was ineffective because he failed to prepare a defense, waived Petitioner's right to a speedy trial without Petitioner's consent, and failed to properly cross-examine witnesses. [*Doc. 15* at 1]. Specifically, Defendant contends that his counsel failed to properly challenge the credibility of witness Juan Carlos Contreras (*id.*), "failed to take steps necessary to produce key witness at trial" regarding the clothes Petitioner was wearing (*id.* at 3), failed to investigate the person who questioned his aunt the morning the police were at her home, failed to object to incriminating evidence produced by the prosecution, and failed to investigate as to how Petitioner got the scratches on his knees and shins (*id.* at 4). In addition, Defendant contends that there was insufficient evidence upon which to convict him because Mr. Contreras was untruthful in his testimony regarding stopping at Petitioner's aunt's house. *Id.* at 5-6.

The Court finds that these objections should be overruled.  The Court agrees with the Magistrate Judge that Petitioner's claims that his counsel was ineffective for failing to prepare a defense and cross-examine witnesses are without merit because they are conclusory and unsupported.  *See* [*Doc 14* at 9] (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim)).  In addition, the Court agrees with the Magistrate Judge that the state court's decision that Petitioner's counsel adequately questioned Mr. Contreras regarding his earlier inconsistent statements is not contrary to, and does not involve an unreasonable application of, clearly established federal law.  [*Doc 14* at 9-10].  The Court also agrees with the Magistrate Judge that Petitioner fails to show how the continuances of his trial prejudiced him in any way, and that it does not appear that his right to a speedy trial was waived by his counsel since he received a trial approximately nine (9) months after he was indicted.  *Id.* at 10.  The Court further agrees with the Magistrate Judge that the New Mexico Court of Appeals reasonably found that there was sufficient evidence to support a finding by a reasonable jury that each element of the crimes for which Petitioner was convicted was established beyond a reasonable doubt.  *Id.* at 13-14.  All other issues raised by Petitioner in his objections that were not presented to the Magistrate Judge are deemed waived.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citation omitted).  For these reasons, the Court finds that Petitioner's objections are without merit and should be overruled.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Petitioner's objections to the PF&RD [*Doc. 15*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the ***Proposed Findings and Recommended Disposition*** *(Doc. 14)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Petitioner's amended § 2254 Petition [*Doc. 11*] is **DENIED** and this case be **DISMISSED WITH PREJUDICE**, and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**HONORABLE MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**